UNITED STATES of America,
Appellant,

v.

Belkis RODRIGUEZ,
Defendant, Appellee.

No. 90–1533.

United States Court of Appeals,
First Circuit.

Heard Oct. 5, 1990.

Decided July 11, 1991.

Robert E. McDaniel, Asst. U.S. Atty., with whom Jeffrey R. Howard, U.S. Atty., was on brief, Concord, N.H., for appellant.

Raymond A. O'Hara, Framingham, Mass., for defendant, appellee.

Before TORRUELLA, and CYR, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

CYR, Circuit Judge.

The government appeals the fifty-seven month guideline sentence imposed on defendant Belkis Rodriguez, on the ground that 21 U.S.C. § 841(b)(1)(B)(ii) mandates a minimum prison term of five years. As the sentence imposed by the district court contravenes U.S.S.G. § 5G1.1(c)(2), as well as 21 U.S.C. § 841(b)(1)(B)(ii), we vacate and remand for resentencing.

I

BACKGROUND

Following a jury trial, the defendant was convicted of eleven criminal violations, including possessing, with intent to distribute, more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) [count 23], which carries a minimum mandatory prison

* Of the Second Circuit, sitting by designation.

term of five years, *see* 21 U.S.C. § 841(b)(1)(B)(ii). *See also United States v. Castiello,* 915 F.2d 1, 7 (1st Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 787, 112 L.Ed.2d 849 (1991); *United States v. Colon–Ortiz,* 866 F.2d 6 (1st Cir.), *cert. denied,* 490 U.S. 1051, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989).

The district court noted at sentencing that the presentence report ascribed a total offense level of 26 and a level I criminal history category. The presentence report did not recommend departure from the guideline sentencing range, which was calculated at 63 to 78 months. The presentence report expressly stated that 21 U.S.C. § 841(b)(1)(B) mandates a statutory *minimum* prison term of five years for a violation of 21 U.S.C. § 841(a). The government endorsed the presentence report "absolutely," represented to the court that the defendant's circumstances warranted a sentence at the low end of the guideline range, and recommended "a sentence of 63 months as provided for in the Guidelines." Defense counsel then urged the court to impose a sentence of less than five years, due to defendant's "diminished capacity" and other circumstances. The government was not accorded an opportunity to respond to defense counsel's request, nor did government counsel volunteer an objection.

The district court determined that defendant's circumstances merited a downward departure due to "her mental condition," and imposed a fifty-seven month sentence,[1] departing from not only the minimum guideline range but the *statutory* minimum as well. Government counsel was not accorded an opportunity to object to the sentence imposed by the court.[2]

The government contends on appeal that the downward departure was imposed contrary to U.S.S.G. § 5G1.1(c)(2), which states that "sentence may be imposed at any point within the applicable guideline range, provided that the sentence is not less than any statutorily required minimum sentence." The defendant contends that the government waived its claim of error.

## II

## DISCUSSION

■ Sentencing Guidelines section 5G1.1 explicitly states that the guidelines do not supersede a minimum sentence mandated by statute. We join every circuit which has addressed the matter in concluding that the sentencing guidelines adopt, rather than replace, a statutory minimum sentence. *See, e.g., United States v. Adonis,* 891 F.2d 300, 302 (D.C.Cir.1989); *United States v. Donley,* 878 F.2d 735, 740–41 (3d Cir.1989); *cert. denied,* —— U.S. ——, 110 S.Ct. 1528, 108 L.Ed.2d 767 (1990); *United States v. Blackwood,* 913 F.2d 139, 144 n. 3 (4th Cir.1990); *United States v. Stewart,* 879 F.2d 1268, 1272 (5th Cir.1989); *cert. denied,* —— U.S. ——, 110 S.Ct. 256, 107 L.Ed.2d 205 (1989); *United States v. Taylor,* 882 F.2d 1018, 1032 (6th Cir.1989); *cert. denied,* —— U.S. ——, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990); *United States v. McCaleb,* 908 F.2d 176, 177 (7th Cir.1990); *United States v. Savage,* 863 F.2d 595, 600 (8th Cir.1988); *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989); *United States v. Sharp,* 883 F.2d 829, 831 (9th Cir.1989). Thus, there can be no question that the fifty-seven month prison term contravened both 21 U.S.C. § 841(b)(1)(B)(ii) and U.S.S.G. § 5G1.1(c)(2).

■ The defendant nevertheless urges us to deny the appeal since the government failed to object to the illegal sentence at the time it was imposed. Although claims

---

1. It appears that the court acted pursuant to U.S.S.G. § 5K2.13, which permits a downward departure where a "defendant commit[s] a nonviolent offense while suffering from significantly reduced mental capacity...." The sufficiency of the basis for downward departure is not challenged on appeal.

2. Although it is not entirely clear that the district court realized that its sentence contravened

the statutory minimum, immediately prior to imposing sentence the court stated: "I don't know whether I have that much authority, but I'm going to depart at least six months from the Guidelines considering all the circumstances." After the court imposed sentence, defense counsel thanked the court, and the hearing was adjourned.

raised for the first time on appeal are normally deemed waived, waiver neither invariably obtains in the absence of timely objection, *see* Fed.R.Crim.P. 51,[3] nor does it inexorably eclipse all claims of error when it does obtain, *see id.* 52(b).

Federal Rule of Criminal Procedure 52(b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b). Rule 52(b) is applicable to "all criminal proceedings" in the United States District Courts and in the United States Courts of Appeals, Fed.R.Crim.P. 54(a); *see generally* 3A Wright, *Federal Practice & Procedure: Criminal* 2d § 873, at 357 (2d. ed. 1982) [hereinafter "Wright"], except as provided in rule 54(b), which is inapposite to the present appeal. Thus, a sentence to which there was no contemporaneous objection is nonetheless subject to "plain error" review by virtue of rule 52(b). *See United States v. Choate,* 276 F.2d 724, 727 n. 6 (5th Cir.1960) ("proceedings," as used in rule 52(b), means "all possible steps in the criminal case ... [including] sen-

tence"). Of course, it is well established that "sentencing is a critical stage of the criminal proceeding...." *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393 (1977) (sixth amendment ineffective assistance claim). *See also* Fed.R.Crim.P. 43(a) & 44(a).

The import of the harmless error rule was well described by Mr. Justice Rutledge in *Kotteakos v. United States,* 328 U.S. 750, 764–765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946):

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress.... But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. (footnote omitted)

**3.** We note, without deciding, that Criminal Rule 51 may even preclude waiver in these circumstances: "if a party has no opportunity to object to a ruling or order, the absence of an objection does not thereafter prejudice that party." Fed. R.Crim.P. 51. Several circumstances make waiver problematic in the present case. The presentence report explicitly informed the court, the parties, and counsel that count 23 was subject to a five-year statutory minimum and that the guideline sentencing range was 63 to 78 months. At the request of defense counsel, the report listed possible grounds for guideline departure, including U.S.S.G. § 5K2.13, "should the Court find that the defendant suffered from significantly reduced mental capacity...." The presentence report contained no recommendation to depart below the guideline range. At sentencing, government counsel, the first to allocute, endorsed the presentence report "absolutely," and recommended the minimum *guideline* term of 63 months, three months more than the *statutory* minimum. Consequently, at least midway through the sentencing hearing, government counsel had yet to be alerted to the *possibility* that the defendant would request, or the court would consider, a lesser sentence than that mandated by statute. *Cf. Burns v. United States,* — U.S. ——, ——, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (holding that "before a district court can depart *upward* on a ground not identified as a ground for upward departure

either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling.") (emphasis added). Defense counsel then urged the court to impose a sentence of less than five years. Immediately after the court imposed the fifty-seven month sentence, the hearing was concluded without an opportunity being accorded government counsel to object.

We are troubled by the suggestion that the government's failure to interject immediate opposition to the illegal sentence should be deemed a waiver in these circumstances. *See United States v. Hickey,* 917 F.2d 901, 906 (6th Cir.1990); *United States v. Jones,* 899 F.2d 1097, 1102 (11th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990). The failure to interject immediate opposition appears attributable to the absence of any forewarning of the illegal sentence, the immediate adjournment of the sentencing hearing after sentence was imposed, and the possible perception that the district court was determined to impose the sentence in any event, since the presentence report expressly noted the five-year statutory minimum and the court stated its intention to depart "at least six months from the Guidelines" even though it did not know whether it had "that much authority." *See supra* note 2.

See also Wright, § 854, at 300 ("What Justice Rutledge wrote in the Kotteakos case about the former statute dealing with harmless error is true also of the present rule, and may well be all that can usefully be said of the rule") (footnotes omitted).

The imposition of a term of imprisonment less than the minimum mandated by Congress affects "substantial rights," see Fed. R.Crim.P. 52(b), and, therefore, is subject to "plain error" review notwithstanding the absence of contemporaneous objection.[4]

Finally, the defendant argues that 21 U.S.C. § 841(b)(1)(B)(ii) violates due process because it does not provide adequate notice of the penalties to which she was subject, and therefore that the court was justified in sentencing her under the "unambiguous" provisions of the sentencing guidelines. Although we have stated that the language of section 841(b)(1)(B)(ii) "constitutes a notice deficiency and raises serious due process concerns," Colon–Ortiz, 866 F.2d at 9, we have recognized as well that the statute clearly requires that the court impose the statutory minimum five-year term whenever it determines that the defendant should receive a term of imprisonment, as distinguished from a fine or probation. Id. at 11. There can be no question that the sentencing court "implicitly determined" to impose at least fifty-seven months' imprisonment, rather than a mere fine or probation. The imposition of a term of imprisonment below the statutory minimum therefore contravened 21 U.S.C. § 841(b)(1)(B)(ii), see Castiello, 915 F.2d at 7, as well as U.S.S.G. § 5G1.1(c)(2). The sentence must be vacated and the case remanded for resentencing.

*Vacated and remanded for sentencing.*

---

4. At least in the circumstances disclosed in the present case, we can discern no principled basis for restricting access to "plain error" review of an illegal sentence which contravenes either a statutory minimum or a statutory maximum. "[J]ustice, though due to the accused, is due to the accuser also." Snyder v. Massachusetts, 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674 (1934) (Cardozo, J.). But see United States v. Garcia–Pillado, 898 F.2d 36, 39 (5th Cir.1990) (by failing to raise issue below, government waived its right to appeal sentence below statutory minimum).