972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Domingo RAMIREZ, Sr., Defendant, Appellant.
 No. 91-2253.
 United States Court of Appeals,
First Circuit.
 August 13, 1992
 
 Appeal from the United States District Court for the District of Maine
 Andrew W. Sparks and Drummond & Drummond on brief for appellant.
 Richard S. Cohen, United States Attorney, Jonathan R. Toof, Assistant United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, on brief for appellee.
 D.Me.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant Domingo Ramirez, Sr. was charged in a two-count indictment with (1) conspiring to possess over 500 grams of cocaine with the intent of distributing it in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; and (2) possession of cocaine with intent to distribute, and aiding and abetting the possession with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. On July 19, 1991, appellant pleaded guilty to the first count of the indictment. The district court dismissed count II on the government's motion.
 
 
 2
 The Presentence Report indicates a criminal history category of III and an initial base offense level of 26. See U.S.S.G. § 2D1.1(c)(9) (offense involving at least 500 grams of cocaine but less than two kilograms). The district court rejected the recommendation of the government and the conclusion in the Presentence Report that appellant receive a two-level increase based on his role as an organizer. The court accepted, however, a two-level decrease based upon appellant's acceptance of responsibility. Thus, a base offense level of 24 resulted.
 
 
 3
 Accordingly, the district court sentenced appellant on October 25, 1991 to a term of 78 months imprisonment, a supervised release term of five years and a fine of $15,000. On appeal, appellant challenges only the fine portion of his sentence. His attack is two-fold.
 
 
 4
 1. Appellant claims that in imposing the $15,000 fine the district court did not consider all of the factors contained in § 5E1.2(d) and, as a result, violated the Eighth Amendment's prohibition against excessive fines. Section 5E1.2(a) provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." (emphasis added). Among the factors the court "shall consider" are the need to provide punishment, evidence concerning defendant's ability to pay a fine "in light of his earning capacity and financial resources" and the burden a fine would place on defendant and his or her dependents. See § 5E1.2(d)(1)-(3).
 
 
 5
 Appellant first argues that the district court was required to make specific findings as to each factor. See United States v. Walker, 900 F.2d 1201, 1206 (8th Cir. 1990) (per curiam) (district court required to make "specific findings on the record"). We addressed and rejected a similar claim in the context of 18 U.S.C. § 3622(a) (now repealed) which contained virtually the same language as § 5E1.2(d). See United States v. Wilfred American Educational Corp., 953 F.2d 717 (1st Cir. 1992). There we stated that "[w]e will not presume that the district court declined to consider the relevant section 3622(a) evidence contained in the record" and held, as a result, that the court was not required to make specific written or oral findings regarding each factor. Id. at 719-20. We do not see any reason not to extend Wilfred American to cases involving § 5E1.2(d) of the Sentencing Guidelines.
 
 
 6
 On review of the record, it is plain that the district court considered the factors listed in § 5E1.2(d). It not only had before it the Presentence Report, but appellant's counsel brought to the attention of the court the financial condition of appellant at the sentencing hearing. See Wilfred American, 953 F.2d at 720 (where sentencing court had before it financial data provided by appellant, including affidavits, letters and a sentencing memorandum, as well as the Presentence Report, it is clear that court considered relevant factors). We therefore turn to the merits.
 
 
 7
 The Presentence Report contains an employment history. Appellant, who has a high school education and is proficient in five languages (English, French, Greek, Spanish and the Haitian dialect), first worked in the United States for several trucking firms. From 1982 to 1987, he was a heavy equipment operator and earned from $17.00 per hour to $23.00 per hour. From 1987 up until his arrest for the current offense, appellant was self-employed as the D.R. Bulldozing Service.
 
 
 8
 The Presentence Report reveals that appellant's only assets are a pick-up truck worth $12,000 and jewelry valued at $2,000. He is making payments on the truck (including insurance) of $337 per month. Appellant is married with a small child. The Presentence Report concludes:
 
 
 9
 In the past, the defendant has worked for companies that have paid him a good living wage. It would appear that since the defendant is employable and capable of earning a decent income, he would be able to pay at least a minimal fine.
 
 
 10
 Presentence Report, at p 64.
 
 
 11
 The district court adopted p 64 and determined that appellant had the earning capacity to pay a fine of $15,000. It noted that, when on supervised release, appellant would be required to work and hopefully would be able to pay the fine within two years. If appellant's circumstances should change in the future, the court noted, there were procedures for adjusting the amount of the fine.
 
 
 12
 "[W]e review the lower court's application of [a] guideline to a given set of facts only for clear error." United States v. Tardiff, No. 91-2040, slip op. at 13 (1st Cir. July 8, 1992). Appellant argues that the following factors render the court's finding plainly wrong. First, he maintains that he does not have the financial resources with which to pay a fine. Specifically, he claims that he lost all of the heavy equipment he owned when he put the equipment up as security for the purchase of the cocaine. He argues that he will be 57 years old when released and that employment prospects will be dim for such a convicted felon. He adds that he will be responsible for the support of his wife and child which further limits his capacity to pay a fine. That he was unable to post bail and is represented by court-appointed counsel, appellant goes on, are "significant indicators of present inability" to pay any fine. He concludes that the evidence in the Presentence Report that in the past he had well-paying construction jobs and is in good health is not sufficient to satisfy the Eighth Amendment.
 
 
 13
 We cannot find that the court's conclusion that appellant had the financial ability to pay a fine was clearly erroneous. Appellant had a solid work history operating heavy machinery. He provides no evidence, other than the fact that he will be a 57-year-old convicted felon when released, that shows why this work would not be available to him on release. Moreover, the argument that his present financial status is so bleak that he was forced to accept a court-appointed attorney, misses the mark. It is his future earning capacity, not the state of his current assets that is relevant. See United States v. Quan-Guerra, 929 F.2d 1425, 1427 n.1 (9th Cir. 1991); United States v. Perez, 871 F.2d 45, 48 (6th Cir.) (current assets do not determine whether a defendant entitled to be relieved of obligation to pay a fine), cert. denied, 492 U.S. 910 (1989). The fact that the fine imposes a heavy burden on appellant is to be expected given that the Guidelines require that the amount of a fine be punitive. See United States v. Mastropierro, 931 F.2d 905, 907 (D.C. Cir. 1991) (citing U.S.S.G. §§ 5E1.2(e) and 5E1.2(d)(1)).
 
 
 14
 2. Appellant's second challenge to the fine is that the district court misapplied the Guidelines when it determined that the minimum fine was $12,500. Appellant is correct that the minimum fine for a base offense level of 24 under the version of the Guidelines in effect when he was sentenced was $10,000, not $12,500. See § 5E1.2(c)(3) (effective November 1, 1990). However, appellant did not raise this issue below. Arguments not raised at the time of sentencing are waived. United States v. Ortiz, Nos. 91-1974 and 91-1975, slip op. at 18 (1st Cir. June 10, 1992). Nonetheless, we may review this claim under Fed. R. Crim. P. 52(b): "[P]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Thus, the fine portion of the sentence is subject to "plain error" review. See United States v. Rodriguez, 938 F.2d 319, 321 (1st Cir. 1991).
 
 
 15
 The government points out that even if the court had used the correct version of § 5E1.2(c)(3), the fine of $15,000 still falls within the prescribed range. Thus, it argues, the error could not have affected appellant's "substantial rights." Technically there may be truth to this argument. Given, however, the relative simplicity of the district court's now reviewing the fine in light of the correct range, and the undesirability of appellant's perceiving himself to be the victim of an unfairness so easily corrected, we hold that under the circumstances of this case, the failure to use the correct fine range did affect appellant's rights under Rule 52(b). A similar case although not involving plain error, is Ortiz. There we held that the district court should not have enhanced the defendant's base offense level for his supervisory role in the drug-trafficking operation. We remanded for sentencing even though the sentence actually imposed still fell within the corrected Guideline. Slip op. at 20. We held:
 
 
 16
 We think the correct rule of law is that, where it appears reasonably likely that the district judge selected a sentence because it was at or near a polar extreme (whether top or bottom) of the guideline range that the judge thought applicable, the court of appeals should vacate the sentence and remand for resentencing if it is determined that the court erred in its computation of the range, notwithstanding that there may be an overlap between the "right" and "wrong" sentencing ranges sufficient to encompass the sentence actually imposed. It is only where it is reasonably clear from the record that the trial court would have imposed the same sentence under either range that an appellate court should leave the sentence intact.
 
 
 17
 Id. at 20-21 (citations omitted).
 
 
 18
 Here the $15,000 was at the very low end of a range that went up to $2,000,000. Clearly, the court intended that appellant pay a relatively minimal fine. In these circumstances, perhaps the court decided that a $2,500 increase over the minimum was the appropriate fine. Absent some clearer indication that the court believed a $15,000 fine to be the appropriate one even under the correct Guideline, a remand is indicated in the interest of justice.
 
 
 19
 Thus, we affirm the finding of appellant's ability to pay a fine, but vacate and remand the fine portion of the sentence for resentencing in accordance with this opinion. We, of course, do not mean to require the imposition of any lower fine should the court conclude under the correct guideline that the present fine is proper.