989 F.2d 497
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellant,
v.
David I. WYNNE, Defendant-Appellee.
 No. 92-5578.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 11, 1993
Decided: March 29, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-92-79-N)
 Alan M. Salsbury, Assistant United States Attorney, Norfolk, Virginia, for Appellant.
 Paul R. Thomson, Jr., Randy V. Cargill, Woods, Rogers & Hazlegrove, Roanoke, Virginia, for Appellee.
 E.D.Va.
 VACATED AND REMANDED
 Before MURNAGHAN, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 David I. Wynne entered a guilty plea to a criminal information charging that he defrauded two banks by failing to include all his debts on personal financial statements he submitted to them with loan applications (18 U.S.C.A. § 1344 (West Supp. 1992)). The government appeals from the sentence imposed, contending that the district court erred in finding, pursuant to sentencing guideline section 2F1.1,* that the loss involved was less than $120,000 and that the offense did not involve either more than minimal planning or a scheme to defraud more than one victim. We vacate the sentence and remand for resentencing.
 
 
 2
 Wynne's company, Wynne Leasing Associates, was left responsible for business loans which it had arranged for several clients as part of their leasing agreements after the clients defaulted. Attempting to pay off these loans and keep his business going, Wynne borrowed money from various banks so that he could make the payments. When making application for these loans, he submitted a number of personal financial statements which failed to list all his debts. He eventually defaulted, and was charged in a criminal information with submitting false statements to Jefferson National Bank in August 1988 and March 1990, and to the Bank of Tidewater in January 1989. A statement of facts signed by Wynne and attached to the information named only those two banks. The plea agreement, however, stated that the government would provide the probation office with information about any personal financial statements Wynne might have submitted to other banks.
 
 
 3
 The probation officer did in fact receive additional information from the government, and incorporated into the presentence report as relevant conduct two false personal financial statements which Wynne submitted with loan applications to Heritage Bank and Trust in January 1989 and January 1990; Wynne had also defaulted on one of these loans. The $15,385 loss to Heritage Bank was included in the amount of loss to the victims, which totaled $129,179, and resulted in a seven-level increase over the base offense level of six. U.S.S.G. § 2F1.1(b)(1)(H). The probation officer also recommended a twolevel increase available under subsection (b)(2)(A) and (B) for an offense involving more than minimal planning or a scheme to defraud more than one victim.
 
 
 4
 Wynne objected in writing to the inclusion of the loss to Heritage Bank and moved for a downward departure, arguing that he had been victimized both by one of the defaulting clients, who was a long-time friend, and by the two banks, which had encouraged him to try to pay off the loans rather than seek shelter in bankruptcy. At the beginning of the sentencing hearing, defense counsel withdrew Wynne's objection to the inclusion of the Heritage Bank loss, explaining that he had filed the objection before he had an opportunity to confer with Wynne.
 
 
 5
 After hearing argument on Wynne's motion for a downward departure, the district court imposed sentence. It did not rule on the motion for a departure, but found without discussion that the loss to Heritage Bank should not be part of the sentence calculation. It also found that there was "not a scheme on the part of the defendant to defraud anyone.... I don't find there was even minimal planning in any scheme." The court recomputed the base offense level, increasing the base offense level only by six under subsection (b)(1)(G) ($70,000120,000) and making no increase under subsection (b)(2). It then imposed a sentence of two years probation.
 
 
 6
 The government made no objection to the district court's findings. Normally, a failure to object to an error in sentencing leads to a waiver of the right to appellate review. United States v. Davis, 954 F.2d 182 (4th Cir. 1992). In this case, however, the government had no opportunity to object before sentence was imposed. Wynne did not oppose the adjustment for more than minimal planning or a scheme to defraud more than one victim, and withdrew his objection to the inclusion of Heritage Bank. Thus, these issues were not explored during the hearing. In these circumstances, review of the merits of the district court's decision is not foreclosed. See United States v. Rodriguez, 938 F.2d 319, 321 n.3 (1st Cir. 1991); United States v. Hickey, 917 F.2d 901, 906 (6th Cir. 1990); Fed. R. Crim. P. 51.
 
 
 7
 Bank fraud is an offense which is groupable under guideline section 3D1.2(d). Therefore, Wynne's false statements to Heritage Bank and the resulting loss are relevant conduct if they were part of the same course of conduct or common scheme or plan as the false statements to the other two banks. U.S.S.G. § 1B1.3(a)(2). Wynne presented no evidence to the contrary at the sentencing hearing, which it was his burden to do if the information was inaccurate. United States v. Terry, 916 F.2d 157 (4th Cir. 1990). Moreover, it appears that the false application submitted to Heritage Bank was a part of the same course of conduct of the charged offenses-the information was submitted in the same time frame and was motivated by the same financial pressures. Therefore, on the facts presented, it appears that the district court clearly erred in excluding the loss to Heritage Bank from the offense level calculation.
 
 
 8
 The adjustment for more than minimal planning or a scheme to defraud more than one victim may be made if either factor is present. We need not decide whether Wynne engaged in more than minimal planning because his guilty plea conclusively established that he knowingly executed a scheme to defraud at least two banks. The district court's finding that there was "no scheme to defraud anyone" and its disregard of the adjustment was thus clearly erroneous. See United States v. Ashers, 968 F.2d 411, 414 (4th Cir.) (adjustment is mandatory if any factor validly supports it), cert. denied, 61 U.S.L.W. 3419 (U.S. 1992).
 
 
 9
 We therefore vacate the sentence imposed and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)