9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Rhonda Lynette TUCKER, Defendant-Appellant.
 No. 93-5319.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 9, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-92-290-G)
 David F. Tamer, Winston-Salem, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Rhonda Lynette Tucker entered a guilty plea to one count of possession of cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1993). Because she possessed 497 grams of crack, the district court imposed the mandatory minimum sentence of ten years under § 841(b)(1)(a)(iii). Tucker appeals the sentence. We affirm.
 
 
 2
 Tucker's sentencing guideline range was 108-135 months; however, the statutory minimum sentence shortened the range to 120-135 months. United States Sentencing Commission, Guidelines Manual, § 5G1.1(c)(2) (Nov. 1992). Tucker requested a downward departure on the ground that she suffers from sickle-cell anemia, which may, in some cases, cause diminished mental capacity. There was no evidence that she had been so affected. The district court found that it was required to impose the mandatory minimum sentence.
 
 
 3
 On appeal, Tucker contends that the court failed to recognize its authority to depart below the guideline range for diminished capacity. U.S.S.G. § 5K2.13. In fact, the district court does not have authority to depart below a mandatory minimum sentence, except on a government motion for a departure because of substantial assistance. See United States v. Blackwood, 913 F.2d 139, 144 n.3 (4th Cir. 1990); accord United States v. Rodriguez, 938 F.2d 319, 320 (1st Cir. 1991).
 
 
 4
 Although she did not question the government's decision not to move for a substantial assistance departure in the district court, Tucker maintains on appeal that the district court should have inquired sua sponte into the government's reason for not making a substantial assistance motion. Because she has forfeited the issue, we review it only for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993). Tucker did not have a plea agreement, and did not assert in the district court that she had provided substantial assistance. She does not claim that the government had any unconstitutional motive for not making the motion-the only basis on which the district court could inquire into the government's decision. Wade v. United States, 60 U.S.L.W. 4389 (U.S. 1991). We find no plain error on the part of the district court.
 
 
 5
 The opinion is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED