USCA1 Opinion

 

 March 18, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1485 UNITED STATES, Plaintiff, Appellee, v. JESUS A. MOSQUEA MOSQUEA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Gabriel Hernandez Rivera on brief for appellant. ________________________ Guillermo Gil, United States Attorney, and Jose A. Quiles- ______________ _________________ Espinosa, Senior Litigation Counsel, on brief for appellee. ________ ____________________ ____________________ Per Curiam. After careful review of the parties' briefs __________ and the record, we find no reason to reverse the mandatory minimum sentence imposed by the district court under 21 U.S.C. 841(b)(1)(B). The district court found that defendant was not entitled to relief from the mandatory minimum sentence because he had not truthfully provided all the information he had concerning the offense. See 18 U.S.C. 3553(f); U.S.S.G. 5C1.2. ___ That determination is supported by the applicable law and the information presented at the sentencing hearing.  For example, the co-defendant's recorded conversations depicted defendant as the supplier of the cocaine. Based on this and other evidence, the court permissibly could conclude that defendant's role extended beyond that of a mere courier and that defendant's proffer, claiming that his knowledge of and role in the offense was limited to that of a mule, was not truthful. "Where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990). _____________ ____ Similarly, the district court was not required to find that defendant was a minor participant or that he was entitled to a reduction under U.S.S.G. 3B1.2. See U.S.S.G. ___ 5G1.1(c)(2) ("sentence may be imposed at any point within the applicable guideline range, provided that the sentence is -2- not less that the statutorily required minimum sentence"); United States v. Rodriguez, 938 F.2d 319, 320 (1st Cir. _____________ _________ 1991). Affirmed. Loc.R. 27.1. ________ -3-