USCA1 Opinion

 

 April 15, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2270 ALONZO ALZATE-YEPEZ, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael Ponsor, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Alonzo Alzate-Yepez on brief pro se. ___________________ Donald K. Stern, United States Attorney, and Andrew Levchuk, ________________ _______________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. After careful review of the parties' __________ briefs and the limited appellate record, we conclude that the district court properly denied appellant's 28 U.S.C. 2255 petition.  Appellant's claims fail procedurally because he did not raise them either at the time of sentencing or on direct appeal. See United States v. Frady, 456 U.S. 152, 165 ___ ______________ _____ (1982). To the extent that appellant is arguing that his trial attorney provided ineffective assistance by failing to move for a downward departure, that argument lacks merit because there is no legal or evidentiary support here for any such departure. Appellant's claim for a downward departure based on his status as a deportable alien is without merit. First, appellant's statutory mandatory minimum sentence may not be reduced. See U.S.S.G. 5G1.1(c)(2); United States v. ___ ______________ Rodriguez, 938 F.2d 319, 320 (1st Cir. 1991). Second, the _________ district court stated that, even if it had the power to depart, it would not have done so. "It is by now axiomatic that a criminal defendant cannot ground an appeal on a sentencing court's discretionary decision not to depart below the guideline sentencing range." United States v. Pierro, 32 _____________ ______ F.3d 611, 619 (1st Cir. 1994), cert. denied, 115 S.Ct. 919 ____________ (1995).  -2- Appellant's claim regarding the safety valve provision fails because the district court determined that appellant did not cooperate with the government as required under 18 U.S.C. 3553(f)(5) and U.S.S.G. 5C1.2. Appellant has submitted nothing that challenges that factual determination.  Appellant's claims regarding the amount of cocaine and his role in the offense were not raised in the petition addressed in this appeal, and so we will not consider those claims. See United States v. Jackson, 3 F.3d 506, 511 (1st ___ ______________ _______ Cir. 1993).  Finally, as appellant has not pursued on appeal his claim that he should have received three, rather than two, points for acceptance of responsibility, we deem that claim to have been waived. Affirmed. Loc. R. 27.1. ________ -3-