[NOT FOR PUBLICATION] 

 United States Court of Appeals
 For the First Circuit
 

No. 96-1506

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 GLADYS LIND,

 Defendant, Appellant.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge] 
 

 Before

 Torruella, Chief Judge, 
 Coffin, Senior Circuit Judge, 
 and Stahl, Circuit Judge. 

 

 Marlene Aponte Cabrera, by Appointment of the Court, for 
appellant.
 Jacabed Rodriguez Coss, Assistant United States Attorney, 
with whom Guillermo Gil, United States Attorney, and Jose A. 
Quiles Espinosa, Assistant United States Attorney, were on brief 
for appellee.

 

 April 3, 1997
 

 Per Curiam. Following a guilty plea to drug importation and 

distribution charges, appellant Gladys Lind was sentenced to the

statutorily mandated minimum term of 60 months imprisonment based

on the substantial amount of heroin involved. She challenges in

this appeal the district court's failure to grant a downward

departure in the length of her sentence. Because there is no

evidentiary or legal basis for relief from the mandatory minimum

term, we affirm.

 Appellant emphasizes various factors in support of her

request for leniency: her "extraordinary" acceptance of

responsibility, her minor role as a courier and the small payment

she was to receive ($3,000), a difficult personal history that

included diminished capacity stemming from a 23-year daily heroin

habit, her efforts at drug rehabilitation, and her status as a

first-time offender.

 Even were we to accept her assertion that a five-year term

is overly severe in these circumstances, we would be without

authority to ameliorate it. Neither of the two methods for

escaping a statutory minimum is applicable: the government did

not move for a departure based on substantial assistance under

U.S.S.G. 5K1.1, see 18 U.S.C. 3553(e), and the district court 

found that appellant had failed to fulfill the requirements of

the "safety valve" provision of 18 U.S.C. 3553(f) (U.S.S.G. 

5C1.2). Other than in conclusory references at oral argument

that provide no basis for appellate second-guessing, appellant

 -2-

has not disputed the inapplicability of these provisions.1 The

statutory minimum thus stands as an insurmountable barrier to

appellant's effort to reduce her sentence. See, e.g., United 

States v. Rodriguez, 938 F.2d 319, 320 (1st Cir. 1991) ("[T]he 

[sentencing] guidelines do not supersede a minimum sentence

mandated by statute.")2

 Moreover, even if departure were available here, we would

lack jurisdiction to review the district court's decision not to

reduce appellant's sentence. Having carefully read the

transcript of the sentencing hearing, we are confident that the

district court understood its authority to depart, but decided

against doing so in this case. See Tr. at 12 ("In the Court's 

opinion no departure is warranted in this case and the Court is

bound by the mandate of the U.S. Sentencing Guidelines.") Such

  

 1 Appellant's counsel seemed to suggest in argument that
appellant was given no opportunity to respond to the government's
assertion that she had not satisfied the safety valve
requirements. At the sentencing hearing, however, counsel made
no attempt to show compliance with the provisions, and
appellant's brief also includes no argument concerning 5C1.2.
The issue is therefore entirely undeveloped, and consequently not
before us. 

 2 At oral argument, counsel did urge us to reconsider our
precedent holding that statutory minimum terms may not be reduced
based on the discretionary guidelines departure factors.
Regardless of its substantive merit, which we do not consider,
this argument is unavailing because it was not raised below. In
the district court, appellant simply sought a departure based on
the various factors noted above; she did not suggest, and
provided no rationale for, reversing the well established rule
that departures are unavailable when a mandatory minimum term is
set by statute unless the "substantial assistance" or "safety
valve" provisions are satisfied.

 -3-

discretionary decisions are not appealable. See United States v. 

Grandmaison, 77 F.3d 555, 560 (1st Cir. 1996). 

 Affirmed. 

 -4-