USCA1 Opinion

 

 [NOT FOR PUBLICATION]  United States Court of Appeals For the First Circuit ____________________ No. 96-1506 UNITED STATES OF AMERICA, Appellee, v. GLADYS LIND, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Marlene Aponte Cabrera, by Appointment of the Court, for _______________________ appellant. Jacabed Rodriguez Coss, Assistant United States Attorney, _______________________ with whom Guillermo Gil, United States Attorney, and Jose A. _____________ ________ Quiles Espinosa, Assistant United States Attorney, were on brief _______________ for appellee. ____________________ April 3, 1997 ___________________ Per Curiam. Following a guilty plea to drug importation and __________ distribution charges, appellant Gladys Lind was sentenced to the statutorily mandated minimum term of 60 months imprisonment based on the substantial amount of heroin involved. She challenges in this appeal the district court's failure to grant a downward departure in the length of her sentence. Because there is no evidentiary or legal basis for relief from the mandatory minimum term, we affirm. Appellant emphasizes various factors in support of her request for leniency: her "extraordinary" acceptance of responsibility, her minor role as a courier and the small payment she was to receive ($3,000), a difficult personal history that included diminished capacity stemming from a 23-year daily heroin habit, her efforts at drug rehabilitation, and her status as a first-time offender. Even were we to accept her assertion that a five-year term is overly severe in these circumstances, we would be without authority to ameliorate it. Neither of the two methods for escaping a statutory minimum is applicable: the government did not move for a departure based on substantial assistance under U.S.S.G. 5K1.1, see 18 U.S.C. 3553(e), and the district court ___ found that appellant had failed to fulfill the requirements of the "safety valve" provision of 18 U.S.C. 3553(f) (U.S.S.G.  5C1.2). Other than in conclusory references at oral argument that provide no basis for appellate second-guessing, appellant -2- has not disputed the inapplicability of these provisions.1 The statutory minimum thus stands as an insurmountable barrier to appellant's effort to reduce her sentence. See, e.g., United ___ ____ ______ States v. Rodriguez, 938 F.2d 319, 320 (1st Cir. 1991) ("[T]he ______ _________ [sentencing] guidelines do not supersede a minimum sentence mandated by statute.")2 Moreover, even if departure were available here, we would lack jurisdiction to review the district court's decision not to reduce appellant's sentence. Having carefully read the transcript of the sentencing hearing, we are confident that the district court understood its authority to depart, but decided against doing so in this case. See Tr. at 12 ("In the Court's ___ opinion no departure is warranted in this case and the Court is bound by the mandate of the U.S. Sentencing Guidelines.") Such  ____________________ 1 Appellant's counsel seemed to suggest in argument that appellant was given no opportunity to respond to the government's assertion that she had not satisfied the safety valve requirements. At the sentencing hearing, however, counsel made no attempt to show compliance with the provisions, and appellant's brief also includes no argument concerning 5C1.2. The issue is therefore entirely undeveloped, and consequently not before us.  2 At oral argument, counsel did urge us to reconsider our precedent holding that statutory minimum terms may not be reduced based on the discretionary guidelines departure factors. Regardless of its substantive merit, which we do not consider, this argument is unavailing because it was not raised below. In the district court, appellant simply sought a departure based on the various factors noted above; she did not suggest, and provided no rationale for, reversing the well established rule that departures are unavailable when a mandatory minimum term is set by statute unless the "substantial assistance" or "safety valve" provisions are satisfied. -3- discretionary decisions are not appealable. See United States v. ___ _____________ Grandmaison, 77 F.3d 555, 560 (1st Cir. 1996). ___________ Affirmed. ________ -4-