Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1ˢᵗ Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 02-1078

UNITED STATES,

Appellee,

v.

CHARLES WILKERSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Cyr, Senior Circuit Judge,
Lynch and Lipez, Circuit Judges.

William A. Hahn and Hahn & Matkov on brief for appellant.
Michael J. Sullivan, United States Attorney, and Theodore B. Heinrich, Assistant U.S. Attorney, on brief for appellee.

December 31, 2002

**Per Curiam**. The government has moved for summary disposition in this direct criminal appeal filed by Charles Wilkerson. We grant the motion and summarily affirm Wilkerson's conviction and sentence.

Although Wilkerson argues that the district court erred in concluding that it lacked the authority to depart downward based on Wilkerson's extraordinary childhood and family circumstances, we need not reach that issue. Wilkerson's sentence was required by statute to be not less than ten years' imprisonment, 21 U.S.C. § 841(b)(1)(B), and ten years is what he received. See U.S.S.G. § 5G1.1(c)(2) ("sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence"); see also United States v. Rodriguez, 938 F.2d 319, 320 (1st Cir. 1991) (vacating 57 month prison sentence because it contravened 60 month statutory minimum sentence and U.S.S.G. § 5G1.1(c)(2)). There are no circumstances in this case which would allow the district court to impose a sentence below the statutory minimum. See United States v. Ahlers, 305 F.3d 54, 59 (1st Cir. 2002) (discussing 18 U.S.C. §§ 3553(e) and (f)).

Wilkerson also claims that the district court abused its discretion in denying his second motion for a new trial. The four pieces of allegedly newly discovered evidence

proffered by Wilkerson involved cumulative impeachment evidence of a government witness. In light of the substantial impeachment evidence already used against that witness and the strong evidence against Wilkerson, cumulative impeachment evidence, specifically an undisclosed portion of the witness's prior grand jury testimony, did not result in any prejudice to Wilkerson in violation of the Jencks Act, 18 U.S.C. § 3500(b), and therefore, did not warrant a new trial. See United States v. Izzi, 613 F.2d 1205, 1213 (1st Cir. 1980). Similarly, that undisclosed portion of the witness's prior grand jury testimony, as well as other cumulative impeachment evidence regarding the dismissal of a prior traffic violation, did not result in any prejudice to Wilkerson in violation of Brady v. Maryland, 373 U.S. 83 (1963), and therefore, did not warrant a new trial. See United States v. Rosario-Peralta, 199 F.3d 552, 559-60 (1st Cir. 1999). Likewise, evidence of the witness's prior drug involvement and post-trial loan application constituted cumulative impeachment evidence, and therefore, did not result in any prejudice to Wilkerson to warrant a new trial under Fed. R. Crim. P. 33. See United States v. Gonzalez-Gonzalez, 258 F.3d 16, 20, 23 (1st Cir. 2001).

The judgment of the district court is summarily affirmed. Loc. R. 27(c).