**F I L E D**
United States Court of Appeals
Tenth Circuit

**MAR 13 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN AUBREY MOYER,

    Defendant - Appellant.

No. 01-8005

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. No. 00-CR-119-D)**

---

James H. Barrett, Assistant Federal Defender, Cheyenne, Wyoming, for Defendant-Appellant.

James C. Anderson, Assistant United States Attorney (Matthew H. Mead, United States Attorney; David D. Freudenthal, Former United States Attorney; and David A. Kubichek, Assistant United States Attorney (Casper, Wyoming office), with him on the briefs), District of Wyoming, Cheyenne, Wyoming, for Plaintiff-Appellee.

---

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

## I. INTRODUCTION

Appellant, Steven A. Moyer, was convicted of being a felon in possession of a firearm and sentenced to ten years' incarceration. Moyer's guidelines sentencing range was calculated by applying U.S.S.G. § 4B1.4. Believing it was bound by the mandatory provisions of § 5G1.3(a) of the United States Sentencing Guidelines ("U.S.S.G."), the district court ordered Moyer's federal sentence to run consecutively to a Wyoming state term of imprisonment. On appeal, Moyer argues that he does not qualify as an armed career offender because his three prior state felony convictions were not "crimes of violence." Moyer also argues that the district court was required to order his federal sentence to run concurrently with his undischarged Wyoming sentence pursuant to U.S.S.G. § 5G1.3(b). Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we conclude that Moyer's state convictions constitute crimes of violence and that the district court had discretion to order Moyer's sentences to run either consecutively or concurrently. Based on an issue raised by this court *sua sponte*, we further conclude that Moyer is subject to the mandatory sentencing enhancement of 18 U.S.C. § 924(e)(1) notwithstanding the government's agreement not to seek the enhancement. Accordingly, this court **affirms** in part, **reverses** in part, and **remands** for resentencing.

## II.    FACTUAL BACKGROUND

In 1986, Moyer pleaded guilty to one count of Third Degree Felony Sexual Assault in violation of Wyoming state law.  Moyer's sentence was suspended and he received five years of probation.  In 1999, Moyer was convicted of two additional state counts of Third Degree Felony Sexual Assault.  As a result of the 1999 convictions, Moyer was placed on supervised probation for ten years.  As part of Moyer's probation agreement, he gave the Wyoming Department of Corrections permission to search his home if his supervising probation officer had reasonable cause to believe that such a search might uncover evidence that he had committed a crime or violated the terms of his probation.

On October 18, 1999, Moyer's probation officer received notice that Moyer had tested positive for the use of marijuana.  Two Wyoming probation officers conducted a search of Moyer's residence and found marijuana and five firearms.  Consequently, Moyer's probation on the two 1999 felony convictions was revoked and he was sentenced to serve two concurrent state terms of three to seven years' imprisonment.

In addition to the state probation revocation, Moyer was also indicted on federal charges of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Moyer entered into a plea agreement with the government.  In exchange for Moyer's guilty plea to the charge contained in the

federal indictment, the government agreed, *inter alia*, to recommend that Moyer receive a three-level reduction in his offense level for acceptance of responsibility and further agreed not to seek any enhanced penalty pursuant to 18 U.S.C. § 924(e). [1]

The district court accepted Moyer's plea and a presentence investigation report ("PSR") was prepared. The PSR concluded that Moyer qualified as an armed career offender because of his three Wyoming felony convictions for sexual assault. Consequently, Moyer's total offense level was calculated by applying U.S.S.G. § 4B1.4. Moyer's criminal history category was set at IV pursuant to U.S.S.G. § 4B1.4(c)(3) and his guidelines sentencing range was calculated at 135-168 months. Because the government did not seek the application of 18 U.S.C. § 924(e), the PSR indicated that Moyer could not be sentenced above the statutory maximum of 120 months. *See* 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(c)(1). The PSR also relied on application note 6 to U.S.S.G. § 5G1.3 to support the recommendation that Moyer's federal sentence be imposed to run consecutively to his Wyoming state sentence.

Moyer filed timely objections to the PSR. Moyer argued that his prior Wyoming felony convictions were not crimes of violence and thus he did not

---

[1]A copy of the plea agreement was not included in the appellate record but the parties do not dispute either its existence or its terms.

qualify as an armed career offender. Moyer also argued that his federal and state sentences should not be imposed to run consecutively because the federal firearms offense was not committed while he was serving or waiting to serve a term of imprisonment. *See* U.S.S.G. § 5G1.3(a). The district court considered Moyer's objections but adopted the recommendations in the PSR. The court sentenced Moyer to 120 months' imprisonment, to be served consecutively to his Wyoming sentence. Moyer brought this appeal.

## III. DISCUSSION

Moyer raises two issues on appeal. He argues that his three Wyoming state sexual assault convictions were not crimes of violence and thus could not be used to enhance his sentence under U.S.S.G. § 4B1.4. He also argues that the district court should have applied U.S.S.G. § 5G1.3(b) and ordered his state and federal sentences to run concurrently.

### A. State Felony Convictions

Moyer challenges the application of U.S.S.G. § 4B1.4 in the calculation of his guidelines sentencing range. Moyer argues that his three Wyoming felony convictions were not "crimes of violence" and thus they did not trigger the armed career criminal guideline. The question of whether Moyer's state felony convictions were crimes of violence is a legal question which this court reviews *de novo* . *See United States v. Smith* , 10 F.3d 724, 730 (10th Cir. 1993).

-5-

Section 4B1.4 of the sentencing guidelines defines an armed career criminal as one "who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a). The § 924(e) enhanced sentence applies to a defendant who has violated 18 U.S.C. § 922(g) and "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The term "violent felony" is defined, *inter alia*, as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> . . . .
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). Moyer argues that the Wyoming convictions do not fit within the definition of violent felony set out in 18 U.S.C. § 924(e)(2)(B)(ii) because under Wyoming law, third degree sexual assault is not classified as a violent crime and the elements of the crime do not require the application of or the threat of force. He also argues that there is no evidence that the Wyoming convictions involved actual physical violence.

In *United States v. Coronado-Cervantes*, this court concluded that a nonforcible sex offense involving a child victim and an adult offender is a crime

of violence as that term is defined in U.S.S.G. § 4B1.2(a). [2] *See* 154 F.3d 1242 (10th Cir. 1998). The court reached this conclusion notwithstanding the government's concession that the state statute violated by the defendant "does not have as an element the use, attempted use, or threatened use of physical force" and the district court's finding that the record contained no evidence that the defendant used or threatened to use force against the victim. *See id*. at 1244, 1243. This court concluded that a sexual assault of a minor "by its nature present[s] a serious potential risk of injury to [the] victim and thus should be considered a 'crime of violence.'" *Id*. at 1245.

Like the victim in *Coronado-Cervantes*, the three victims involved in Moyer's state sexual assault convictions were all children under the age of twelve. Moyer attempts to distinguish *Coronado-Cervantes* by arguing that Third Degree Sexual Assault is not defined as a violent crime under Wyoming law. Moyer's argument is unavailing. Wyoming's classification of the crimes Moyer committed is irrelevant to our inquiry into whether those crimes involved a *potential* risk of physical injury to the victims. *Coronado-Cervantes* directly controls this issue and we conclude that Moyer's three Wyoming felony convictions involving sexual assaults on children under the age of twelve were

---

[2]For purposes relevant to this case, the definition of "crime of violence" under U.S.S.G. § 4B1.2(a)(2) is identical to the definition of "violent felony" found at 18 U.S.C. § 924(e)(2)(B)(ii).

violent felonies under the "otherwise" clause of 18 U.S.C. § 924(e)(2)(B)(ii).

Thus, the district court properly applied the U.S.S.G. § 4B1.4 enhancement.

   B.   *Consecutive or Concurrent Sentences*

   Section 5G1.3(a) of the sentencing guidelines provides:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense *shall* be imposed to run consecutively to the undischarged term of imprisonment.

(emphasis added). At Moyer's sentencing hearing, the government argued that U.S.S.G. § 5G1.3(a) was applicable stating, "the defendant was serving a term . . . where his liberty was substantially restricted by way of probation and he committed this offense. I think that, under those circumstances, 5G1.3(a) certainly, arguably, appl[ies] to the sentence." The district court relied on § 5G1.3(a) to conclude that Moyer's federal sentence must be imposed to run consecutively to his undischarged Wyoming state sentence.

   Moyer argues that the term of probation he was serving when he committed the federal firearms offense does not constitute a term of imprisonment under § 5G1.3(a). The government concedes in this appeal that U.S.S.G. § 5G1.3(a) does not apply in situations where the defendant commits a federal offense while he is serving a state term of probation. Although the case upon which the government

-8-

bases its concession is not binding authority in this circuit, [3] this court has recently concluded that "an undischarged term of probation is not an 'undischarged term of imprisonment' as that phrase is used in U.S.S.G. § 5G1.3." *United States v. Tisdale*, 248 F.3d 964, 976 (10th Cir. 2001). Thus, we agree with the parties that the district court erroneously believed it was *required* by U.S.S.G. §5G1.3(a) to order Moyer's federal and state sentences to run consecutively.

Moyer next argues that the district court erred when it refused to apply U.S.S.G. § 5B1.3(b) and order his sentences to run concurrently. Because this issue involves the interpretation and application of the sentencing guidelines, we review it *de novo*. *See United States v. Contreras*, 210 F.3d 1151, 1152 (10th Cir. 2000). Section 5B1.3(b) provides:

> If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense *shall* be imposed to run concurrently to the undischarged term of imprisonment.

(emphasis added). Moyer asserts that § 5G1.3(b) applies because his Wyoming convictions were fully taken into account when the court applied U.S.S.G. § 4B1.4 to determine his guidelines offense level and criminal history category. He argues that the district court was therefore required to order his federal term

---

[3]*See United States v. Cofske*, 157 F.3d 1, 1-2 (1st Cir. 1998).

of imprisonment to run concurrently to his undischarged state term pursuant to §
5G1.3(b).

We agree with the government that § 5G1.3(b) does not apply. This court
has concluded that "U.S.S.G. § 5G1.3(b)'s central aim is to ensure no defendant
is punished twice for the same crime." *Contreras*, 210 F.3d at 1153 (involving a
defendant whose offense level was calculated by applying the § 4B1.1 career
offender guideline). Application note 2 to U.S.S.G. § 5G1.3 indicates that §
5G1.3(b) applies only when the two convictions are based on the same conduct or
course of conduct. *See* U.S.S.G. § 5G1.3, cmt. n.2 (indicating that § 5G1.3(b)
applies when the defendant is prosecuted in both federal and state court for the
same course of conduct and the conduct prosecuted by the state has been taken
into account under the federal sentencing guidelines as relevant conduct). Thus,
§ 5G1.3(b) applies only if Moyer's state and federal convictions involved the
same course of conduct. *See United States v. Johnson*, 40 F.3d 1079, 1083 (10th
Cir. 1994) (refusing to apply § 5G1.3(b) because the "there [was] no indication
in the record that the conduct underlying Defendant's state sentences was
considered as relevant conduct to determine the offense level for Defendant's
federal sentence"); *accord United States v. Reyes-Lugo*, 238 F.3d 305, 308 (5th
Cir. 2001) ; *United States v. Garcia-Hernandez*, 237 F.3d 105, 110 (2d Cir.
2000); *United States v. Gondek*, 65 F.3d 1, 4 (1st Cir. 1995).

Here, Moyer's federal conviction was based on a firearms violation. His state convictions arose from sexual assaults he committed against minors and his current term of state incarceration resulted from his violation of the terms of his probation. Thus, Moyer's state offenses were not "fully taken into account" in the manner contemplated by § 5G1.3(b) and the district court properly refused to apply § 5G1.3(b) when it sentenced Moyer.

This court has held that when neither § 5G1.3(a) nor § 5G1.3(b) applies and the defendant is subject to an undischarged state sentence, "sentencing courts possess the discretion to determine, under U.S.S.G. § 5G1.3(c) and application note 6, whether to impose a sentence concurrent with, partially concurrent with, or consecutive to a prior undischarged term of imprisonment." [4] *Tisdale*, 248

---

[4]Application note 6 provides:

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release. *See* §7B1.3 (Revocation of Probation or Supervised Release) (setting forth a policy that any imprisonment penalty imposed for violating probation or supervised release should be consecutive to any sentence of imprisonment being served or subsequently imposed).

(continued...)

F.3d at 979 (holding that application note 6's language is permissive, not mandatory). Because the sentencing court mistakenly believed it was required to impose a consecutive sentence pursuant to § 5G1.3(a), we must remand this case for resentencing. On remand the district court has the discretion to impose either consecutive or concurrent sentences but must consider the directives set forth in § 5G1.3(c) and the application notes.    *See* U.S.S.G. § 5G1.3, cmt. nn.3-6; *Tisdale*, 248 F.3d at 979; *Johnson*, 40 F.3d at 1083 ("[T]he methodology found in the commentary to § 5G1.3(c) interprets and explains how the guideline should be applied and a district court is bound to consider its implications. (quotation omitted)).

   C.    *Application of 18 U.S.C. § 924(e)*

During oral argument, this court raised an issue not raised by the parties before the district court or in this appeal. The court questioned whether Moyer's sentence is unlawful because he was not sentenced pursuant to 18 U.S.C. § 924(e)(1). The parties have filed supplemental briefing on this issue pursuant to an order of this court.

---

[4](...continued)
U.S.S.G. § 5G1.3, cmt. n.6.

Moyer was charged with violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm. His sentence was imposed pursuant to 18 U.S.C. § 924(a)(2) which provides, "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." Although the PSR clearly indicated that Moyer was subject to the provisions of 18 U.S.C. § 924(e)(1), the district court sentenced Moyer to the § 924(a)(2) ten-year statutory maximum because the government agreed not to seek the § 924(e)(1) enhanced sentence. [5]

Section 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

In *United States v. Johnson*, this court concluded that the application of § 924(e)(1) is mandatory and "does not require government action to trigger its

---

[5]Although the government agreed not to seek the § 924(e)(1) fifteen-year mandatory minimum sentence, it took the position that Moyer was an armed career criminal under U.S.S.G. § 4B1.4 because he was subject to the § 924(e)(1) enhanced sentence. *See supra* Section III. A; *see also* U.S.S.G. § 4B1.4(a) ("A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.").

application nor does it vest discretion in the sentencing court not to apply its mandate." 973 F.2d 857, 860 (10th Cir. 1992). Based on our conclusion, *supra*, that Moyer's three Wyoming felony convictions are "violent felonies," it is clear that Moyer's sentence should have been calculated by applying § 924(e)(1), not § 924(a)(2). Because the ten-year sentence imposed by the district court does not reflect the mandatory minimum mandated by § 924(e)(1) and *Johnson*, it is an illegal sentence. *See United States v. Wainwright*, 938 F.2d 1096, 1098 (10th Cir. 1991) (defining an illegal sentence as one which "omits a term required to be imposed by statute"); *see also* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

The parties both assert that this court should review Moyer's illegal sentence for plain error pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. *See United States v. Santistevan*, 39 F.3d 250, 256 (10th Cir. 1994) ("[O]ur case law unquestionably recognizes our inherent power to raise an issue *sua sponte* as plain error . . . ."). Moyer argues that there has been no error because the government waived the application of § 924(e)(1). Moyer also argues that any error is not plain or obvious because "there is no law on the subject by which the district court might have been guided relative to a governmental waiver of enhancement."

-14-

Contrary to Moyer's assertions, the application of § 924(e)(1) is not subject to governmental waiver or prosecutorial discretion. *See Johnson*, 973 F.2d at 860. Thus, notwithstanding the commitment made by the government in the plea agreement, the district court erred when it sentenced Moyer without applying § 924(e)(1). Additionally, because *Johnson* holds that the government may not waive the application of § 924(e)(1), the applicable law was settled at the time of Moyer's sentencing and the error is, therefore, clear. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

Under our circuit precedent, the imposition of an illegal sentence constitutes plain error even if the sentence favors the defendant. [6] *See United States v. Zeigler,* 19 F.3d 486, 494 (10th Cir. 1994) ("[T]he sentence imposed below . . . is illegal and thus constitutes plain error."); *see also United States v. Osuna*, 189 F.3d 1289, 1292 n.2 (10th Cir. 1999) ("Plain error is established when: (1) there is error; (2) the error is plain or obvious; and (3) the error

---

[6]Although *United States v. Zeigler*, 19 F.3d 486 (10th Cir. 1994), does not discuss the issue, at least two circuit courts of appeal have considered whether a sentencing error which is favorable to the defendant affects "substantial rights." *See United States v. Barajas-Nunez*, 91 F.3d 826, 833 (6th Cir. 1996); *id*. at 836 (Siler, J., concurring in part and dissenting in part) ("'[S]ubstantial rights,' as described in Olano, [507 U.S. 725, 734 (1993)] are those rights of the defendant at bar . . . ."); *United States v. Rodriguez*, 938 F.2d 319, 322 & n.4 (1st Cir. 1991) (concluding that the "imposition of a term of imprisonment less than the minimum mandated by Congress affects 'substantial rights'").
.

-15-

affected substantial rights."). Consequently, we conclude that the imposition of the ten-year sentence pursuant to § 922(a)(2) was plain error. Because Moyer's illegal sentence "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," we agree with the government that it should be corrected. *Olano*, 507 U.S. at 736 (quotation omitted).

Throughout the proceedings against him, Moyer was consistently advised that the government would not seek the § 924(e)(1) enhancement and that the maximum term to which he could be sentenced was ten years. In response to questioning from the district court at the change of plea hearing, the parties also advised the court that Moyer's sentence could not exceed the ten-year statutory maximum set forth in § 924(a)(2).

> [Prosecution]: Because of the provision in the plea agreement that we won't seek a sentence under 924(e), the maximum sentence Your Honor would be able to impose, if our guideline calculation is right, would be the 120-month maximum pursuant to 18 United States Code, Section 924(a)(2), and that would become the guideline sentence then, 120 months.
>
> [The Court]: The maximum sentence would be 120 months that I could impose? That's what you're saying?
>
> [Prosecution]: That—yeah, and that—and that would actually become the guideline sentence because the guideline calculation would actually be 135 to 168. So Your Honor would be faced with looking at a 120—a 120-month sentence.
>
> [The Court]: Mr. Barrett, do you agree with that assessment?
>
> [Defendant]: Given those circumstances, yes, I do, Your Honor.

Based on the parties' representations, the district court advised Moyer that his sentence would be "at or near the 120-month sentence to which the government alluded." Moyer then entered his guilty plea. Because Moyer was never made fully aware of the genuine consequences of his guilty plea, he must be given the opportunity to withdraw the plea on remand. *See United States v. McCann*, 940 F.2d 1352, 1358 (10th Cir. 1991).

## IV.   CONCLUSION

We **remand** this matter to the district court with instruction to **vacate** Moyer's sentence and allow him the opportunity to withdraw his guilty plea. If Moyer does not withdraw his plea, the court must resentence him in accordance with this opinion.