**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julio ALFARO, also known as Angelo**
**Cisneros and also known as Jaime**
**Alfaro, Defendant–Appellant.**

**Nos. 01–1150, 01–1148.**

United States Court of Appeals,
Tenth Circuit.

April 22, 2002.

Before HENRY, Circuit Judge, BRORBY, Senior Circuit Judge, and BRISCOE, Circuit Judge.

## ORDER AND JUDGMENT*

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir.

R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Defendant Julio Alfaro appeals his sentence and seeks a remand for resentencing. Defendant pled guilty to two counts of conspiracy to possess with intent to distribute methamphetamine and two counts of conspiracy to engage in money laundering. The district court enhanced defendant's sentence to reflect his role as a leader or organizer in the criminal activity, and sentenced him to concurrent terms of 175 months' imprisonment on each count. Defendant appeals from the imposition of the leader-organizer enhancement on the basis that the court improperly relied on the debriefing information defendant provided with his plea agreement, in violation of USSG § 1B1.8 and *United States v. Shorteeth*, 887 F.2d 253 (10th Cir.1989). Defendant argues that he and the government stipulated that there were no applicable adjustments for role in the offense and the court should have sentenced him in a range of 135–168 months. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

■ Whether the use of a defendant's debriefing information to enhance his sentence violates the sentencing guidelines or his cooperation agreement with the government are questions of law that we review de novo. *See United States v. Moyer*, 282 F.3d 1311, 1316 (10th Cir.2002); *United States v. Fortier*, 180 F.3d 1217, 1223 (10th Cir.1999). The parties to a criminal case may enter into stipulations concerning the facts relevant to sentencing. USSG § 6B1.4(a). The district court is not bound by such stipulations, however. *Id.* § 6B1.4(d); *United States v. Easterling*, 921 F.2d 1073, 1079 (10th Cir.1990).

---

In this case, the parties anticipated in the plea agreement that a guideline range of at most 135–168 months would be applicable. R. vol. II, doc. 121, at 13. They executed the plea agreement with the understanding that the stipulation was not binding upon the district court, however. *Id.* at 11–12. In addition, the plea agreement specified that defendant could not withdraw his guilty plea as a result of the sentence actually imposed. *Id.* at 11.

■ Although USSG § 1B1.8 prohibits the sentencing court from using information provided by a defendant with his plea agreement without his consent, defendant consented to the use of the information the court relied on in this case. R. vol. II, doc. 155, at 2–3. Therefore, the district court appropriately exercised its discretion to independently determine relevant conduct based on permissible information.

AFFIRMED.

---

* The Honorable John R. Gibson, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of