**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO CRUZ-SANCHEZ aka
Ramiro Diaz-Sanchez aka Ramiro
Cruz-Sanchez,

Defendant - Appellant.

No. 02-4048
(D.C. No. 1:01-CR-51-B)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

Defendant appeals his sentence for illegal reentry following deportation in

violation of 8 U.S.C. § 1326(a) entered after Defendant pleaded guilty to the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

charge. Defendant was sentenced to 57 months of imprisonment to be followed by a term of 36 months of supervised release. In the presentence report, Defendant's sentence was calculated from a guideline base offense level of 8, increased 16 levels for being previously deported after conviction for a crime of violence, and decreased 3 levels for acceptance of responsibility, for a net offense level of 21. Defendant filed an objection to the presentence report arguing that he was not subject to the 16-level enhancement for a conviction for a crime of violence because his previous conviction for attempted aggravated burglary involved the burglary of a business rather than a dwelling. The district court rejected Defendant's argument. Defendant appeals to this court.

We review *de novo* the determination of whether a particular state felony conviction constitutes a crime of violence. United States v. Moyer, 282 F.3d 1311, 1315 (10th Cir. 2002). A crime of violence is defined as "an offense under . . . state . . . law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and includes . . . burglary of a dwelling." U.S.S.G. § 2L1.2(b)(1)(A), Application Note 1(B)(ii). Defendant concedes that his "prior conviction does meet the first requirement for qualifying as a crime of violence." Aplt. Br. at 6. Therefore, the only question before us is whether Application Note 1(B)(ii) limits the availability of the enhancement for burglary convictions specifically to burglaries of dwellings regardless of the

aggravated nature of a non-dwelling burglary.

Defendant argues that "the guidelines limit the scope of offenses which are crimes of violence by defining the phrase as including only those prior offenses which include an element of the use of force and which are among a number of crimes specifically listed." Aplt. Br. at 3. We cannot agree with this strained reading of U.S.S.G. § 2L1.2(b)(1)(A). The list following the use of the word "includes" is not exhaustive. The Application Note does not state, as Defendant proffers, "includes *only*." If the list were exhaustive, the first part of the definition would be unnecessary. The second part of the definition provides specific offenses which are per se crimes of violence not requiring an examination of the particular elements.

We agree with the district court that Defendant's attempted aggravated burglary conviction was a crime of violence as contemplated by U.S.S.G. § 2L1.2(b)(1)(A) because "it is an offense under . . . state . . . law that has as an element the use, attempted use, or threatened use of physical force against the person of another." Rec., Vol. III, at 7.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-