**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

ERIK LAMONT BROWNE,

　　　　Defendant - Appellant.

No. 02-6135
(D.C. No. CIV-01-606-A
and CR-96-108-A)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**　*

---

Before **SEYMOUR** , **KELLY** , and **LUCERO** , Circuit Judges.

---

　　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Erik Lamont Browne timely appeals from an adverse district court order in this 28 U.S.C. § 2255 proceeding. *See* Fed. R. App. P. 4(a)(1(B). We affirm.

Browne was convicted of conspiracy to distribute cocaine base, 21 U.S.C. § 846, possession with intent to distribute cocaine base (and aiding and abetting), 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2, and use of a telephone to facilitate the distribution of cocaine base, 21 U.S.C. § 843(b). He was sentenced to 324 months' imprisonment with 5 years' supervised release on each of the first two counts and 48 months' imprisonment with 1 year's supervised release on the third, all terms of imprisonment to run concurrently. On direct appeal, he argued that certain drug quantities relied on to support his sentence had been calculated incorrectly. Specifically, he contended that (1) one kilogram of cocaine, seized in May 1995, lacked any nexus to him and should not have been counted; (2) the same kilogram should, in any event, have been treated as powder rather than crack cocaine; and (3) there were no findings to tie him to another half kilogram seized in June 1995. This court rejected the latter two contentions as waived in the district court, but remanded for additional findings as to whether the kilogram seized in May 1995 was in fact within the scope of Browne's conspiratorial agreement and foreseeable to him. *United States v. Green*, 175 F.3d 822, 836-38 (10th Cir. 1999).

On remand, the district court made the necessary findings and did not alter Browne's sentences. On appeal, this court affirmed. *United States v. Browne*, No. 99-6277, 2000 WL 376626 (10th Cir. April 13, 2000). Moreover, we specifically approved, as a proper application of the mandate rule, the district court's rejection of Mr. Browne's attempt to revisit the issues rejected on waiver grounds on his initial appeal. *See id.* at **2.

Browne then filed this § 2255 proceeding, asserting that (1) his sentences were illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and (2) his trial counsel had rendered ineffective assistance in waiving the drug quantity/quality issues noted above and in failing to challenge his sentences on the constitutional basis later recognized in *Apprendi*. The district court denied the ineffective assistance claims, but held that *Apprendi* applied retroactively to this collateral proceeding and required reduction of Browne's 324-month sentences to the twenty-year statutory maximum applicable to offenses involving unspecified drug quantities. However, pursuant to the mandatory directive in U.S.S.G § 5G1.2(d), recognized by *United States v. Price*, 265 F.3d 1097, 1108-09 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 2299 (2002), the district court restructured the sentences to run consecutively in part and concurrently in part, so that the total punishment remained the same. *See also United States v. Lott*, 310 F.3d 1231, 1242-43 (10th

Cir. 2002), *petition for cert. filed* (U.S. Feb. 3, 2003) (No. 02-8948). Upon the entry of judgment, Browne commenced this appeal.

Browne's contentions regarding ineffective assistance of trial counsel were properly rejected by the district court. He complained that counsel should have argued that the cocaine had not been shown to be crack, specifically because there was no evidence of any trace of sodium bicarbonate. The district court noted that the presence of sodium bicarbonate is not necessary, *see United States v. Brooks*, 161 F.3d 1240, 1248 (10th Cir. 1998); *accord United States v. Waters*, 313 F.3d 151, 155 (3d Cir. 2002) (collecting cases), and then went on to cite trial testimony sufficient to prove the substance was indeed crack. Dist. Ct. Order at 3. Browne's complaint that counsel failed to challenge drug quantities attributed to him was rejected based on record evidence tying him to the drugs through his participation in the conspiracy. *Id.* at 4-6. Finally, the court held counsel was not ineffective for lacking the "clairvoyance" to predict the abrupt change in law effected by the Supreme Court's decision in *Apprendi*. *Id* at 9; *see Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001) (holding that "an [ineffective assistance of counsel] argument premised on counsel's failure to anticipate *Apprendi* would be untenable").

Turning to the *Apprendi* claim itself, however, we note that, lacking the guidance subsequently provided by this court in *United States v. Mora*, 293 F.3d

1213, 1219 (10 th Cir.), *cert. denied* , 123 S. Ct. 388 (2002), the district court incorrectly held *Apprendi* applied retroactively to this collateral proceeding and required a mechanical reduction of Browne's individual drug sentences to the lowest statutory maximum specified in 21 U.S.C. § 841(b)(1)(C)–though with the compensatory restructuring of the total punishment under U.S.S.G. § 5G1.2(d) explained above. The improper retroactive application of *Apprendi* , inuring to Browne's benefit, was not appealed by the government. [1] Instead, the only matter before us is Browne's objection that in relying on drug quantities never found by the jury to arrive at the "total punishment" benchmark used in connection with § 5G1.2(d), the district court actually violated *Apprendi* in the course of applying it to reduce his sentence in the manner prescribed by *Price* and *Lott* . Even assuming we could consider such an argument–regarding the correct application of *Apprendi* in a collateral proceeding in which the defendant was not entitled to invoke *Apprendi* in the first place–this circuit's prior decisions in *Price* and *Lott* , interpreting § 5G1.2(d) and explaining its implementation, are binding on this panel and foreclose Browne's claim.

---

[1]      Because the windfall to Browne did not result in an *illegal* sentence, i.e., a sentence that transgressed statutory limits, no sua sponte plain-error correction is warranted here. *See generally United States v. Brown* , 316 F.3d 1151, 1159-60 & n.4 (10 th Cir. 2003) (distinguishing *United States v. Moyer* , 282 F.3d 1311, 1319 (10th Cir. 2002), which held that "imposition of an illegal sentence constitutes plain error even if the sentence favors the defendant" and ordered correction of sentence even though only defendant had appealed).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge