**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RANDY ALAN WILLINGER,

Defendant-Appellant.

No. 01-2130
(D.C. No. CIV-00-1011 LH/LFG)
(D. New Mexico)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BALDOCK** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Randy Alan Willinger appeals from the district court's denial of relief

under 28 U.S.C. § 2255. In his § 2255 motion to vacate, set aside, or correct

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence under 28 U.S.C. § 2255, Mr. Willinger alleged that his counsel's performance at sentencing was ineffective.

## I. PROCEDURAL BACKGROUND

After reviewing Mr. Willinger's § 2255 motion, we granted a COA on a separate issue concerning whether our holding in *United States v. Moyer*, 282 F.3d 1311 (10th Cir. 2002), required resentencing. In this case, the government agrees that it did not seek the enhancement under § 841(b)(1), and the district court was thus precluded from enhancing Mr. Willinger's sentence for the prior felony conviction. *See* 21 U.S.C. § 851(a)(1) ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court.*") (emphasis added). In addition, as the government points out, the plea agreement also precluded the district court from enhancing his sentence. We therefore agree with the parties that *Moyer* is inapplicable to this case. [1]

---

[1] In *Moyer*, the defendant had pled guilty to wrongful possession of a firearm and, "[a]lthough the PSR clearly indicated that [he] was subject to the [fifteen-year mandatory minimum sentence in] 18 U.S.C. § 924(e)(1), the district court sentenced [him] to the § 924(a)(2) ten-year statutory maximum because the government agreed not to seek [an] enhanced sentence." *Id.* at 1318. We had previously recognized a similar imperative sentencing enhancement for prior convictions in 18 U.S.C. § 924(e)(1). *See United States v. Johnson*, 973 F.2d 857, 860 (10th Cir. 1992) (holding that § 924(e)(1) "does not require government

(continued...)

-2-

Subsequently, we granted a COA on Mr. Willinger's ineffective assistance of counsel claim. For the reasons stated herein, we agree with the district court's denial of Mr. Willinger's § 2255 motion.

---

[1](...continued)
action to trigger its application nor does it vest discretion in the sentencing court not to apply its mandate."); *accord United States v. Cobia*, 41 F.3d 1473, 1475-76 (11th Cir. 1995). Thus, once the unchallenged provisions of the presentence report "showed that the [§ 841(b) drug-recidivist] requirements were met, the statutory minimum was the . . . sentence to be imposed." *Johnson*, 973 F.2d at 860.

Thus, under *Johnson,* the sentence in *Moyer* was an illegal sentence (in the absence of a motion for statutory departure under § 3553(e)). *Id.* Noting that the "imposition of an illegal sentence constitutes plain error even if the sentence favors the defendant," the *Moyer* panel held the error should be corrected. *Id.* at 1319. However, because the defendant had never been "made fully aware of the genuine consequences of his guilty plea," he had to be "given the opportunity to withdraw his plea" before the sentencing correction could properly be made. *Id.* Thus, we remanded "to the district court with instruction to vacate [defendant's] sentence and allow him the opportunity to withdraw his guilty plea"; if he elected to stand on his re-informed plea, a sentence would then be imposed in accordance with § 924(e)(1). *Id.* at 1320; *see also Johnson*, 973 F.2d at 861.

Here, however, the government points out that *Moyer* is inapplicable because § 841(b)(1)(A) must be read in conjunction with 21 U.S.C. § 851(a)(1):

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court* (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

*Id.* (emphasis supplied).

-3-

## II. FACTUAL BACKGROUND

Mr. Willinger pleaded guilty to possession with intent to distribute over 100 grams of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(a), § 841(b)(1)(A), and 18 U.S.C. § 2. His plea was based on an agreement under F ED. R. CRIM. P. 11(e)(1)(C), which, in addition to dismissing other counts and forgoing further federal prosecution of Mr. Willinger and his common law wife, set the following sentencing parameters:

> (1) the base offense level is 35 with a 3-point reduction for the defendant's acceptance of responsibility, which results in a sentencing offense level of 32, (2) a criminal history category of VI significantly over represents the seriousness of defendant's criminal history and that a criminal history category between III and V is warranted, and (3) a sentence not to exceed 188 months is the appropriate disposition of the case.

Aplt's App. at 31 (Plea Agreement, filed Sept. 19, 1997).

Before sentencing, a dispute arose over provisions in the presentence report characterizing Mr. Willinger as leader of a drug ring and associating him with a cache of drugs, found at a "Fourth Street trailer," distinct from those directly involved in his plea. Defense counsel ultimately agreed an evidentiary hearing would not be necessary after the prosecution made the following two stipulations:

> 1. That the circumstances do not call for any upward or downward adjustments to the base offense level other than what is stipulated [in the prior plea agreement].
>
> 2. That Mr. Willinger's offense was not in connection with the Fourth Street trailer, but was in connection with other

-4-

> methamphetamine activities involving a total weight of more than 100 grams.

*Id.* at 41.

Consistent with the stipulations, the district judge disregarded the disputed provisions of the presentence report and dispensed with an evidentiary hearing, and then, consistent with the plea agreement, imposed a sentence of 188 months' imprisonment. The sentence was affirmed on direct appeal. *See United States v. Willinger*, No. 98-2127, 1999 WL 218456 (10th Cir. Apr. 15, 1999).

In this § 2255 proceeding, Mr. Willinger claims his sentence was the product of ineffective assistance of counsel. He contends that despite receiving a sentence in the range specified by the plea agreement, he was prejudiced by his counsel's constitutionally deficient performance in that he was sentenced at the top of the range. He alleges that (1) counsel failed to appreciate or explain to him the punitive difference between methamphetamine and amphetamine and did not put the government to its burden of proving that methamphetamine was involved here; (2) counsel similarly failed to dispute the quantity of pure methamphetamine involved, and that the amounts actually seized by the government and attributable to him warranted a lower sentence; and (3) counsel failed to argue that the plea agreement and stipulations precluded the judge from (a) relying on drugs seized from the Fourth Street trailer, (b) considering his role in the trafficking, and (c) taking into account his prior criminal record. None of these claims has merit.

-5-

## III. DISCUSSION

Mr. Willinger's contentions regarding the nature, quality, and quantity of the drugs involved all miss the mark for much the same reasons. His plea, which admitted possession of more than 100 grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) as charged in the indictment, established the character and purity of the drug for sentencing purposes, rendering his present allegations regarding the inadequacy of the evidence possessed by the government beside the point.[2] *United States v. Gray*, 182 F.3d 762, 768 (10th Cir. 1999) (rejecting similar claim regarding the difference between crack and cocaine powder because plea admissions "relieve[d] the government of any burden it had at sentencing to show the drug involved was crack"); *see also United States v. Hill*, 53 F.3d 1151, 1155 (10th Cir. 1995) (following *United States v. Broce*, 488 U.S. 563, 569-70 (1989), to hold guilty plea admitted facts alleged in indictment). Similarly, his objection regarding quantity would ultimately call into question the specification of his offense level in the plea agreement and uncontroverted provisions of the

---

[2] Use of the unqualified term "methamphetamine," rather than the phrase "mixture or substance containing a detectable amount of methamphetamine," particularly in conjunction with the reference to § 841(b)(1)(A), which in 1997 was triggered by the specified 100-gram quantity only if it was actual methamphetamine, negates Mr. Willinger's suggestion that his plea was ambiguous as to the nature and/or purity of the drug. *See United States v. Lujan*, 268 F.3d 965, 969 (10th Cir. 2001).

presentence report.  He cites no authority suggesting an attorney may be deemed ineffective for not pursuing sentencing arguments that conflict with stipulations made in connection with a client's underlying plea.  That is not surprising; in essence, Mr. Willinger insists he should have been allowed to effectively disavow key aspects of his plea agreement while retaining the benefit of the bargain struck, a contradictory course the law does not countenance.  *United States v. Porretta*, 116 F.3d 296, 300-01 (7th Cir. 1997);  *United States v. Early*, 77 F.3d 242, 244 (8th Cir. 1996).

In the same vein, Mr. Willinger complains of inadequate advisement about the methamphetamine/amphetamine distinction, but he does not take the next step and challenge his plea on this ground–either because he does not wish to disturb the benefits secured by his plea or because, given those benefits, he cannot say he would have pled differently had he been properly advised.  *See Gray*, 182 F.3d at 767-68 (rejecting a similar objection, regarding counsel's failure to advise about difference between crack and powder cocaine, because defendant did not allege he would have pled innocent had he been aware of difference).

Mr. Willinger's objection regarding the sentencing judge's consideration of his role in the offense has no factual foundation.  The plea agreement and related stipulations do not constrain the selection of a sentence *within the agreed upon range*.  The only pertinent reference is the stipulation abjuring any circumstantial

*adjustment* to the *offense level* specified in the plea agreement. Mr. Willinger does not allege any such adjustment occurred. Rather, he essentially seeks to revise his plea bargain to augment its favorable limitations on sentencing–by having the stipulations regarding the sentencing range do double duty as restrictions on the subsequent within-range determination as well–while retaining all the advantages his original compromise secured.

Equally meritless is Mr. Willinger's allegation that counsel permitted reliance on criminal history considerations which, he claims, were "factored out" of the sentencing process by the plea agreement. The agreement recites that a "criminal history category of VI significantly over represents the seriousness of defendant's criminal history," and indicates that a "criminal history category between III and V is warranted." Aplt's App. at 31. The agreement did not preclude consideration of Mr. Willinger's criminal history *in selecting a sentence within the resultant range*–a plainly reasonable course given that category III, as opposed to IV or V, was used in designating that range.

Mr. Willinger's plea agreement states that "[t]here have been no representations or promises from anyone as to what [specific] sentence the Court will impose." Aplt's App. at 32. In essence, the allegations of ineffective assistance of counsel advanced in this § 2255 proceeding reflect an indirect attempt to circumvent the plain legal consequences of that statement.

For the forgoing reasons, we AFFIRM the district court's denial of Mr.

Willinger's § 2255 motion.

Entered for the Court


Robert H. Henry
Circuit Judge