**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ROY ALLEN PACHECO,

     Defendant - Appellant.

No. 06-2231
(D.C. No. CR-96-663)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **HENRY**, Circuit Judges.

Defendant-Appellant Roy Allen Pacheco appeals from the sentence imposed for violation of his supervised release. The district court sentenced him to twenty-four months' imprisonment followed by a five-year term of supervised release. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and because the sentence is beyond the statutory maximum, we remand with instructions to vacate the sentence and resentence.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

On February 12, 1997, Mr. Pacheco was convicted of one count of aggravated sexual abuse of a child in Indian County. See 18 U.S.C. §§ 2241(a) & 2246(2)(A). Shortly thereafter, the district court sentenced him to 108 months' imprisonment to be followed by three years of supervised release. As a standard condition of Mr. Pacheco's supervised release, he was to have no contact with any children under the age of sixteen. Mr. Pacheco commenced supervised release on September 12, 2005.

On July 6, 2006, a federal probation officer filed a petition for revocation of supervised release. The petition alleged that Mr. Pacheco had violated a condition of his supervised release by spending time alone with children under the age of sixteen. On August 2, 2006, the district court held a violation hearing, at which both the government and Mr. Pacheco called several witnesses to testify. The district court determined that Mr. Pacheco violated the pertinent condition and imposed a sentence of twenty-four months' imprisonment and five years' supervised release.

On appeal, Mr. Pacheco argues that the district court (1) committed plain error in imposing a sentence in excess of the statutory maximum, and (2) imposed an unreasonable sentence of twenty-four months' imprisonment. We agree with the first point and need not reach the second.

## Discussion

Because Mr. Pacheco waited until appeal to challenge the legality of his sentence on the ground that it exceeds the statutory maximum sentence, we review only for plain error. United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006). Under plain error analysis, Mr. Pacheco must establish (1) an error (2) that is plain (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

The operable statutory provision, 18 U.S.C. § 3583(h), states:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Due to the fact that the crime for which Mr. Pacheco was originally convicted—sexual abuse of a minor—was a class A felony, see 18 U.S.C. § 3559(a)(1); 18 U.S.C. § 2241(a), the maximum term of supervised release authorized by statute for that offense was five years, see 18 U.S.C. § 3583(b)(1). Thus, the maximum term of supervised release that could be imposed for Mr. Pacheco's violation was five years "less any term of imprisonment that was imposed upon revocation of supervised release." See id. at § 3583(h). Because the district court imposed a

term of imprisonment of two years, the maximum allowable term of supervised release was three years. The district court, however, imposed a term of supervised release of five years—two years beyond the statutory maximum.

The district court committed error that was plain. Moreover, a sentence which exceeds the statutory maximum, and is therefore illegal, both affects a defendant's substantial rights and constitutes a miscarriage of justice. See United States v. Moyer, 282 F.3d 1311, 1319 (10th Cir. 2002) ("Under our circuit precedent, the imposition of an illegal sentence constitutes plain error even if the sentence favors the defendant.") (citing United States v. Zeigler, 19 F.3d 486, 494 (10th Cir. 1994)). Consequently, we remand to the district court so that it may vacate the sentence and resentence Mr. Pacheco consistent with 18 U.S.C. § 3583(h).

Because we remand based on the imposition of an illegal sentence, we need not reach the issue of whether the twenty-four month term of imprisonment was reasonable. See United States v. Cano-Silva, 402 F.3d 1031, 1038-39 (10th Cir. 2005) (explaining that it is unnecessary to reach an additional argument as to why a particular sentence is erroneous when there is another ground requiring that the sentence be remanded). While we harbor no doubt that, in light of the district court's factual findings, see 2 R. (Tr. 8/2/2006) at 134-35, 144-45, the twenty-four month term of imprisonment was "reasoned and reasonable," see United States v. Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005); United States v. Lee,

957 F.2d 770, 774 (10th Cir. 1992), the district court is free on remand to impose whatever combination of imprisonment and supervised release it now deems appropriate, so long as the total term of punishment (imprisonment combined with supervised release) does not exceed five years.

REMANDED with instructions to vacate Mr. Pacheco's sentence and resentence.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge