NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0582n.06

Case No. 19-5883

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| CHESLEY PAUL PEYTON, | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COOK, BUSH, and NALBANDIAN, Circuit Judges.

COOK, Circuit Judge. Defendant Chesley Peyton and his prosecutors expected Peyton to be subject to a maximum sentence of ten years when he pleaded guilty to being a felon in possession of a firearm. But after Peyton entered his plea, the probation department revealed its determination that Peyton's record of three prior drug trafficking offenses subjected him to sentencing as an armed career criminal. Peyton appeals the fifteen-year minimum sentence imposed. We AFFIRM.

I.

An indictment charged Peyton with unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Peyton and the government entered into a written plea agreement that provided that his sentence would be "imprisonment for not more than 10 years," with the caveat that any sentencing "recommendation does not bind the Court." (R. 30 at Page

ID#: 79.) The plea agreement also noted that Peyton's criminal history included "one felony conviction of either a crime of violence or a controlled substance offense." (*Id*. at Page ID#: 80.) The district court held a rearraignment hearing and asked Peyton whether he understood the potential consequences of his plea, including that "the worst case scenario is . . . a statutory maximum penalty of ten years." (R. 57 at Page ID#: 247.) Peyton confirmed that he understood, and the court accepted his plea of guilty.

Later, however, the presentence investigation report prepared by the probation department revealed Peyton's three prior felony drug trafficking convictions.[1] This development changed things for the worse for Peyton, because he now qualified as an armed career criminal subject to the Armed Career Criminal Act (ACCA) and its fifteen-year mandatory minimum sentence. *See* 18 U.S.C. § 924(e)(1).

At sentencing, given the ACCA requirement to impose a fifteen-year minimum sentence with Peyton expecting a ten-year maximum, the court afforded Peyton an opportunity to withdraw his plea. Having consulted with his attorney, Peyton decided to adhere to his guilty plea.

Before the court imposed its sentence, Peyton acknowledged that his prior convictions qualified as ACCA predicates, but argued that the court should opt for a ten-year term because "a plea deal is a plea deal." (R. 58 at Page ID##: 267–68.) The judge responded that "the law doesn't allow [him] to" enforce the plea deal because he's "bound by [ACCA]" and "would [not] even have the authority to" deviate below the fifteen-year mandatory minimum. (*Id*. at Page ID#: 269.) He then imposed a fifteen-year sentence.

---

[1] The prosecutors and Peyton apparently miscounted the three convictions as a single one because Peyton was arrested for all three on the same day, was sentenced for all three on the same day, and served his sentences for all three concurrently.

Peyton appeals, persisting in arguing that "a deal is a deal," and that the court "should have ordered specific performance of the ten-year maximum sentence." (Appellant Br. at 6.) He asks this court to vacate the district court's judgment and remand for resentencing "with instruction that he be sentenced to a period of incarceration not to exceed 10 years." (*Id*. at 15.)

## II.

As regards sentencing determinations, we review de novo the district court's legal conclusions and look only for clear error in the court's factual findings. *United States v. Henderson*, 209 F.3d 614, 617 (6th Cir. 2000).

## III.

Plea agreements represent a contract between the government and the accused, and we interpret and enforce them in accordance with traditional principles of contract law. *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). When the government fails to fulfill its promise, the court can remedy the breach by either affording the defendant the opportunity to withdraw his plea or ordering specific performance of the plea agreement. *Id.* at 263; *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990).

Peyton asserts that the government breached the plea agreement in acceding to ACCA's mandatory minimum. Here, of course, the parties to the agreement operated without an accurate understanding of the defendant's criminal record. Once Peyton's three ACCA-predicate felonies came to light, the court had no choice but to sentence Peyton to at least fifteen years. *See* 18 U.S.C. § 924(e)(1). The court thus addressed the dilemma in the only manner available—allowing Peyton an opportunity to withdraw his plea.

Our sister circuits that have addressed this issue agree that an opportunity to withdraw the plea properly remedies the parties' failure to account for ACCA in the plea agreement. *See, e.g.*, *United States v. Symington*, 781 F.3d 1308, 1313 (11th Cir. 2015) ("Generally, this court may remedy the breach of a plea agreement by ordering specific performance of the agreement, but that is not the proper remedy here [because] enforcing the agreed upon ten-year sentence in the plea agreement would result in the imposition of an illegal sentence . . . ."); *United States v. Davis*, 689 F.3d 349, 354 (4th Cir. 2012) ("Davis is . . . not entitled to the 'specific performance' he now seeks [because] the district court could not have imposed a sentence that contravened [ACCA]."); *United States v. Williams*, 198 F.3d 988, 994 (7th Cir. 1999) ("[T]he district court correctly concluded that the remedy for the mistake of fact [as to the defendant's maximum sentence] in this case was to permit Williams to void the contract and withdraw his plea."). Indeed, the Tenth Circuit has held that enforcing a plea agreement's ten-year maximum when ACCA should apply—what Peyton seeks here—constitutes "plain error." *United States v. Moyer*, 282 F.3d 1311, 1318–19 (10th Cir. 2002).

Peyton offers a new, different argument, invoking 18 U.S.C. § 3553(e). But that statute authorizes a court, upon motion of the government, to impose a sentence below a statutory minimum to reflect a defendant's substantial assistance in another's prosecution.

We need not consider how Peyton would fare under this statute because only a government motion triggers the sentencing judge's discretion to impose a below-minimum sentence. *See Melendez v. United States*, 518 U.S. 120, 125–26 (1996) (quoting 18 U.S.C. § 3553(e)); *see also United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007); *United States v. Hise*, 400 F. App'x 989, 991 (6th Cir. 2010) ("[A] departure [below the statutory minimum] is lawful *only if* the government first files [a motion]."). The government filed no such motion here.

Peyton goes on to contend—without authority—that under these circumstances, the court should have *ordered* the government to file a § 3553(e) motion. That novel approach would likely run afoul of § 3553(e)'s other threshold requirement: that "a departure [under section 3553(e)] must be based *solely* upon the 'substantial assistance' rendered by the defendant." *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004) (quoting *United States v. Snelling,* 961 F.2d 93, 97 (6th Cir. 1991)). And Peyton provides scant evidence that he assisted in another's prosecution. The district court did not err.

IV.

We AFFIRM.