**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALVIN MADISON,

    Defendant - Appellant.

No. 24-1477
(D.C. No. 1:23-CR-00240-PAB-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

A jury convicted Alvin Madison of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Mr. Madison to 92 months' imprisonment.  Initially, the government indicated via superseding indictment that it intended to seek enhanced sentencing penalties under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on

---

   * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Madison's prior Colorado convictions for attempted second degree murder, felony menacing, and aggravated robbery. But, in *United States v. Venjohn*, 104 F.4th 179, 185-86 (10th Cir. 2024), a panel of this court concluded "Colorado felony menacing can no longer be considered categorically a . . . crime of violence" eligible for enhanced sentencing penalties (internal quotation marks omitted).[1] So, after *Venjohn*, the government agreed "the ACCA enhanced penalties no longer apply to [Mr. Madison]," R. vol. 1 at 553 n.1, and the district court did not apply the enhancement in calculating his sentence.

Mr. Madison appeals from his conviction and sentence. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Mr. Madison's counsel has filed a brief pursuant to *Anders v. California*¸ 386 U.S. 738, 744 (1967) expressing her belief that any appeal would be wholly frivolous and moving to withdraw. Mr. Madison, pro se, filed a responsive pleading to lay out his objections to counsel's *Anders* brief, and counsel filed a supplemental *Anders* brief addressing those objections.

Counsel's initial and supplemental *Anders* briefs addressed, in thorough detail, eleven potential issues with Mr. Madison's conviction and sentence. In his response, Mr. Madison primarily focuses on the effectiveness of his trial counsel in pretrial plea negotiations. But whatever the merits of these arguments, Mr. Madison's

---

[1] *Venjohn* construed a sentencing guideline, § 4B1.2(a)(1), *see Venjohn*, 104 F.4th at 185-86, which defines "crime of violence" identically to § 924(e)(2)(B)'s definition of "violent felony." *See United States v. Moyer*, 282 F.3d 1311, 1315 n.2 (10th Cir. 2002).

2

ineffective assistance claims "should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995); *see also id.* ("Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). We therefore do not address the merits of Mr. Madison's ineffective-assistance claims now on direct appeal.

We have carefully considered each of the other potential issues discussed in counsel's *Anders* brief and Mr. Madison's pro se response and conducted "a full examination of all the proceedings," *Anders*, 386 U.S. at 744. Mr. Madison was tried timely in compliance with the Speedy Trial Act, 18 U.S.C. § 3161, and he did not move for dismissal on the basis of a violation of that statute so he has waived appellate review on that basis in any event. *See* § 3162(a)(2); *United States v. Gomez*, 67 F.3d 1515, 1519-20 (10th Cir. 1995) (declining to review unpreserved claim of Speedy Trial Act violation even for plain error).

Mr. Madison moved for sanctions against the government for inadequate disclosures under Fed. R. Crim. P. 16, but the court ultimately ordered production of some of the evidence and there is no indication in the record that the untimeliness of *any* disclosure prejudiced Mr. Madison's defense. So, there is no non-frivolous basis to argue the district court abused its discretion in handling pretrial discovery issues. *See United States v. Charley*, 189 F.3d 1251, 1261-62 (10th Cir. 1999) (setting abuse-of-discretion as standard of review for pretrial disclosure issues and noting that "[f]requently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed." (internal quotation marks omitted)).

Sufficient evidence, considered in the light most favorable to the government, *Charley*, 189 F.3d at 1272, existed to support Mr. Madison's conviction for a violation of 18 U.S.C. § 922(g)(1). He stipulated to his prior felony conviction and to the firearm being in or affecting interstate commerce, and police found the firearm (a Glock pistol) in his jacket pocket, so a reasonable juror could conclude he knew he possessed it.

And, we have upheld the constitutionality of § 922(g) against Second Amendment and Commerce Clause challenges in *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *see also Vincent v. Bondi*, 127 F.4th 1263, 1264-65 (10th Cir. 2025), *petition for cert. filed* (U.S. May 12, 2025) (No. 24-1155) (affirming continued validity of *McCane* after recent Supreme Court decision in *United States v. Rahimi*, 602 U.S. 680 (2024)).

Finally, there is nothing in the record suggesting unreasonableness in the district court's sentence, which was within the applicable Sentencing Guidelines range. *See United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) ("[W]e presume that a sentence within the properly calculated guidelines range is reasonable.").

So the record reveals no non-frivolous basis to appeal on the basis of the timeliness of the charge, the prosecution's pretrial disclosures, the sufficiency of the evidence, the constitutionality of the statute of conviction, the reasonableness of the resulting sentence, or any other grounds. We agree with counsel that it would be

4

frivolous to pursue this appeal.  We grant counsel's motion to withdraw and we dismiss this appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge